# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2910

_____

| | | |
|---|---|---|
| Greater St. Louis Construction Laborers Welfare Fund, an employee benefit plan; Robert Flinn, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Brandon Flinn, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Joseph Tocco, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Andrew Orlando, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Gary Elliott, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Gale Jamison, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Kenneth Karsten, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; James Moll, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Thomas Davis, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Jeff Schmidt, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Norman Merlo, Trustee of the Greater St. Louis Construction Laborers Welfare Fund; Jerry Fleming, Trustee of the Greater St. Louis Construction | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the Eastern District of Missouri.<br><br>[UNPUBLISHED] |

Laborers Welfare Fund;                                    *
Construction Laborers Pension                            *
Trust of Greater St. Louis, an                          *
employee benefit plan; Richard                          *
McLaughlin, Trustee of the                              *
Construction Laborers Pension Trust                     *
of Greater St. Louis; Gary Elliott,                     *
Trustee of the Construction Laborers                    *
Pension Trust of Greater St. Louis;                     *
Joseph Tocco, Trustee of the                            *
Construction Laborers Pension Trust of                  *
Greater St. Louis; Jeffrey O'Connell,                   *
Trustee of the Construction Laborers                    *
Pension Trust of Greater St. Louis;                     *
Jim Doyle, Trustee of the Construction                  *
Laborers Pension Trust of Greater                       *
St. Louis; Frank Grice, Trustee of the                  *
Construction Laborers Pension Trust                     *
of Greater St. Louis; Joseph Beetz;                     *
Trustee of the Construction Laborers                    *
Pension Trust of Greater St. Louis;                     *
William Luth, Trustee of the                            *
Construction Laborers Pension Trust                     *
of Greater St. Louis; Robert Fritz;                     *
Trustee of the Construction Laborers                    *
Pension Trust of Greater St. Louis;                     *
Donald Grant; Trustee of the                            *
Construction Laborers Pension Trust                     *
of Greater St. Louis; Joseph Leritz,                    *
Trustee of the Construction Laborers                    *
Pension Trust of Greater St. Louis; Jay                 *
Schultenhenrich, Trustee of the                         *
Construction Laborers Pension Trust                     *
of Greater St. Louis; Local Union Nos.                  *
42-53-110 Laborers International                         *

-2-

Union of North America AFL-CIO,     *
labor organizations,     *
    *
        Appellees,     *
    *
    v.     *
    *
Benco Landscape Construction, Inc.,     *
    *
        Defendant,     *
    *
Phoenix Landscape Group, L.L.C.,     *
    *
        Appellant.     *

_____

Submitted: April 30, 2012
Filed: May 4, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

This matter involves a creditor's bill in equity (CBE) that the District Court granted to plaintiffs against Phoenix Landscape Group, L.L.C. (Phoenix). Plaintiffs sought to enforce a judgment obtained against Benco Landscape Construction, Inc. (Benco). The District Court determined that Phoenix was operating as an alter ego of Benco and that it was appropriate to pierce the corporate veil to reach Phoenix's assets to satisfy the judgment against Benco. Phoenix moved to set aside the District Court's order, arguing that it had not received proper notice of the CBE request and therefore had not had an opportunity to be heard as to whether it was appropriate to pierce the corporate veil. The District Court denied Phoenix's motion in a docket text entry that stated simply, "Denied as the motion is without merit."

Due process requires that Phoenix is entitled to notice and an opportunity to be heard before being deprived of its property by adjudication. See Armstrong v. Manzo, 380 U.S. 545, 550 (1965); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110–11 (1969) (vacating a judgment against a parent company that had been determined to be the alter ego of its subsidiary based only on the subsidiary's stipulation, where the parent company did not have the opportunity to contest the alter-ego determination). In denying Phoenix's motion to set aside the CBE order, the District Court did not determine whether Phoenix had notice and an opportunity to be heard sufficient to comport with due process.

Accordingly, we vacate the denial of the motion to set aside. We remand to the District Court with directions that the court make explicit findings on whether Phoenix received constitutionally adequate notice of the CBE proceeding and a reasonable opportunity to be heard before the court made its alter-ego finding and granted plaintiffs the CBE. If the District Court finds that these due process requirements were not met, the motion to set aside the CBE order should be granted, and Phoenix should be given an opportunity to respond to the CBE motion.

_____